IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WILLIE HUGHES,** | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 07 C 818 ) |
| **TERRY McCANN,** | ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Willie Hughes ("Hughes") has brought a petition pursuant to 28 U.S.C. § 2254 (2007) for a writ of habeas corpus. His petition concerns three separate murder convictions for which he received two life sentences and one sentence of sixty years, in addition to lesser sentences on other counts. Hughes is currently in the custody of the State of Illinois Department of Corrections, and is incarcerated at Statesville Correctional Center where respondent Terry McCann ("McCann") is the warden. McCann has responded to Hughes's petition by filing a motion to dismiss, contending that Hughes's petition is untimely because it was filed significantly after the time for filing such a petition had expired. Hughes has not responded to this motion. For the following reasons, I grant respondent's motion and dismiss Hughes's petition with prejudice.

I.

In 1994 and 1995, Hughes was sentenced in three separate cases. In case number 93-CR-6682, Hughes was convicted following a bench trial and sentenced to natural life imprisonment for the murder of Walter Rule. In case number 93-CR-6683, a jury convicted Hughes of the murder of Arselia Davis, home invasion, and aggravated battery with a firearm, and sentenced him to natural life imprisonment and two twenty-year sentences. In case number 93-CR-6684, a separate jury convicted Hughes of the murder of Jeffrey Rogers and sentenced him to a sixty-year term. *People v. Hughes*, Nos. 1-94-4184, 1-95-0340 & 1-95-2942, slip op. at 1-2 (Ill. App. Ct. June 30, 1997). Hughes subsequently appealed those convictions, and the court consolidated his appeals. On June 30, 1997, the appellate court affirmed his convictions. *Id.* at 2. Hughes then filed a motion for leave to file a late petition for leave to appeal, but the Supreme Court denied that petition. *People v. Hughes*, No. M9393, Order at 1 (Ill. Jan. 30, 1998).

On July 30, 1998, petitioner filed with the circuit court a *pro se* petition for post-conviction relief pursuant to the Illinois Post-Conviction Hearing Act, 725 ILL. COMP. STAT. 5/122-1, *et seq. See People v. Hughes*, Nos. 93 CR 6682, 93 CR 6683, 93 CR 6684, Order at 5 (Cir. Ct. Cook Co. July 28, 2004). For some reason the circuit court did not docket his petition, perhaps because he filed it using appellate case numbers rather than the assigned criminal

2

division numbers. *Id.* The petition was not docketed to any judge until Hughes wrote to the court on September 9, 2002, inquiring about the status of his petition. *Id.* At that point, the court appointed the Cook County Public Defender to represent Hughes. The circuit court concluded, however, that the limitations period of 725 ILL. COMP. STAT. 5/122-1(c) applied so that "the proceedings should be dismissed as untimely," stating:

> It is apparent that petitioner's *pro se* filing was filed three years and eight months after the sentence was imposed in case 93-CR-6684, and more than three years and six months following the imposition of sentence in cases 93-CR-6682 and 93-CR-6684. Moreover, although petitioner was afforded the opportunity to address this issue during the pendency of the instant motion to dismiss, he has failed to alelge any facts demonstrating that the delay in the filing of his petition was not due to his own culpable negligence.

*Id.* at 4-5. The circuit court also analyzed the substance of Hughes's post-conviction petition and concluded that it was without merit. *Id.* at 6-11.

Hughes subsequently appealed the denial of his post-conviction petition. One of the claims he raised in his appeal was that his post-conviction counsel did not provide reasonable assistance because he failed to argue that Hughes was not culpably negligent in failing to timely file his post-conviction petition. *People v. Hughes*, No. 1-04-2195, slip op. at 5 (Ill. App. Ct. Feb. 9, 2007). The appellate court confirmed the circuit court's denial of Hughes's post-conviction petition, concluding that because the

3

court found the issues in Hughes's petition were without merit, "counsel's decision to refrain from asserting defendant's lack of culpable negligence does not support a claim of unreasonable assistance of counsel." *Id.* at 7. Hughes subsequently filed a petition for leave to appeal to the Illinois Supreme Court, which that court denied. *People v. Hughes*, 219 Ill. 2d 580, 303 Ill. Dec. 837, 852 N.E.2d 244 (2006). Hughes filed the present habeas petition on February 12, 2007.

II.

Respondent's sole argument in his motion to dismiss is that Hughes's habeas petition is untimely. Setting aside other provisions which are not relevant here, under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d) ("AEDPA"), Hughes needed to file his petition for a writ of habeas corpus within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jones v. Hulick*, 449 F.3d 784, 787 (7th Cir. 2006). Under the Illinois Supreme Court rules in force in 1997, the decision of the appellate court affirming his conviction became final 21 days after it was entered because Hughes did not file an affidavit of intent to file a petition for leave to appeal within that time.[1] Ill. S. Ct. R.

---

[1] On October 16, 1997, Hughes did belatedly file an unsuccessful motion for leave to file a late petition for leave to appeal; his motion is attached as Exhibit D to respondent's motion

4

315(b) (1997). His conviction therefore became final 21 days after June 30, 1997, or July 21, 1997. Consequently, under AEDPA's one-year period of limitations, Hughes needed to have filed his habeas petition by July 21, 1998. He did not mail it in until February 12, 2007.

Hughes argues, as he did before the Illinois state courts, however, that this period of limitations should be tolled by the time between when he filed his state post-conviction petition and the time that his appeals concerning his petition concluded. The one-year period of limitations under AEDPA is tolled by "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. v. Bennett*, 531 U.S. 4, 8 (2000). The Supreme Court has clarified that "time limits, no matter their form, are 'filing conditions'" under the meaning of § 2244(d). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Even where a state court denies a petition both as untimely and as unmeritorious, the petition is still considered

---

to dismiss. This motion was filed nearly three months after the deadline for Hughes to file a petition for leave to appeal had expired. In an unsworn letter attached to that motion he asserted, without evidence, that he was denied access to the prison law library and thus was unable to file his motion in a timely fashion. In any event, since the Illinois Supreme Court denied his motion it must have concluded that his motion was without merit.

improperly filed for purposes of § 2244(d)(2). *Id.* at 413-14 (citing *Carey v. Saffold*, 536 U.S. 214, 225 (2002)).

In Hughes's case, the state court determined that Hughes's petition was untimely under 725 Ill. Comp. Stat. 5/122-1. That statute provides that petitions for post-conviction relief filed in cases in which the petitioner's sentence was not a death sentence (where, as here, the petitioner did not file a petition for writ of certiorari to the United States Supreme Court), must be filed "no more than 6 months from the date for filing a certiorari petition, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 Ill. Comp. Stat. 5/122-1(c). The circuit court concluded that Hughes's petition was not timely because it was not "brought before any court" until Hughes inquired about the status of his petition on September 9, 2002.[2] It further concluded that Hughes had not alleged any facts "demonstrating that the delay in the filing of his petition was not due to his own culpable negligence." *See People v. Hughes*, Nos. 93 CR 6682, 93 CR 6683, 93 CR 6684, Order at 4-5. Therefore, the state court concluded that the petition was not properly filed.

---

[2]Under the Illinois statute, Hughes's petition would have been untimely even if the courts deemed it "filed" on July 30, 1998. Post-conviction petitions must be filed no more than six months from the date for filing a certiorari petition. 725 Ill. Comp. Stat. 5/122-1(c). As discussed above, the time for Hughes to file a certiorari petition expired on July 21, 1997; the Illinois Supreme Court denied Hughes's motion to file a late petition. Therefore, Hughes needed to have filed his post-conviction petition by January 21, 1998. His petition was filed over six months later.

6

Collateral estoppel prevents Hughes from re-litigating this conclusion. *See Freeman v. Page*, 208 F.3d 572, 575 (7th Cir. 2000) (citations omitted) (holding that the "interpretation of what it means to show 'that the delay was not due to . . .culpable negligence' is a matter of state law only, and we must accept the state court's answer"). Therefore, I must concur that Hughes's petition for post-conviction relief was not properly filed with the circuit court, such that it did not toll the limitations period for his present habeas petition.

Hughes made the argument before the state appellate court, however, and does again in the present petition, that his post-conviction counsel did not provide reasonable assistance because he should have argued that Hughes was not culpably negligent in filing his post-conviction petition late. Hughes argued then, as he does now, that he was on lockdown status in prison prior to the filing of his post-conviction petition and was unable to access the law library in order to prepare his petition; he attaches as Exhibit D to his petition unauthenticated records that, taken in the context of his allegations, appear to show that the correctional facility in which he resided was on lockdown status for isolated periods of a few days at a time between November 1994 and January 8, 1997.[3]

---

[3] Exhibit D consists of handwritten notes providing dates of "institutional lockdown," "Unit E lockdown," "Unit H Lockdown," etc. The notes do not explain to what institution they refer, nor do they explain what units Hughes resided in during that time.

The state appellate court concluded that counsel's assistance was not unreasonable because the circuit court, in addition to concluding that the petition was untimely, concluded that it was without merit. *People v. Hughes*, No. 1-04-2195, slip op. at 7.

Whether his post-conviction counsel provided reasonable assistance of counsel is a question of state law; it does not affect a federal constitutional right because petitioners have no right to the assistance of post-conviction counsel. *Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir. 1998)). Therefore, if Hughes is attempting to argue that the time limit should be equitably tolled due to this purported error, this argument is without merit. *See Powell*, 415 F.3d at 727 (holding that even post-conviction counsel "attorney misconduct" not a ground for equitable tolling).

Second, even assuming that I can consider the evidence of a lockdown that Hughes argues should excuse his late filing, it does not establish that equitable tolling should apply here. Equitable tolling only applies where the litigant seeking equitable tolling can show that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstances stood in his way. *Pace*, 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Here, setting aside whether Hughes has shown that he was pursuing his rights diligently, the evidence he presents

about the prison being on lockdown only shows that certain units of the prison were on lockdown for isolated periods of a few days at a time between November of 1994 and January 8, 1997. Even if Hughes had established that he was subjected to certain periods of lockdown during this time period, these isolated periods of lockdown do not provide "extraordinary circumstances" that prevented him from filing a timely petition, particularly where Hughes has not shown he was on lockdown at any point between mid-January 1997 and January 21, 1998, when his post-conviction petition would have been due. Therefore, equitable tolling does not apply.[4]

---

[4] Moreover, although I believe that I may not question the state court's determination that Hughes had not shown he was not culpably negligent, previous decisions from Illinois courts also establish that evidence of "sporadic" periods of lockdown preventing a prisoner from accessing the law library do not show that the prisoner was not culpably negligent. *See, e.g.*, *People v. Cortez*, 338 Ill. App. 3d 122, 131-32, 272 Ill. Dec. 939, 947, 788 N.E.2d 243, 251 (Ill. App. Ct. 2003) (holding petitioner had not shown he was culpably negligent where he alleged he had some access to library during period of administrative segregation and had not shown that he was deprived of a meaningful opportunity to prepare his petition); *People v. Mitchell*, 296 Ill. App. 3d 930, 933-34, 231 Ill. Dec. 373, 375-76, 696 N.E.2d 365, 367-68 (Ill. App. Ct. 1998) (holding petitioner had not shown he was not culpably negligent where petition was 232 days late, and petitioner was on lockdown 103 days during that period). Here, Hughes has not presented any evidence of a lockdown for nearly a year before his petition was due.

III.

For the above reasons, I grant respondent's motion and dismiss Hughes's petition for a writ of habeas corpus with prejudice.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: June 27, 2007